LAW OFFICE OF LORETTA JACOBS-SCHWARTZ
Loretta Jacobs-Schwartz
8687 East Via de Ventura, Suite 306
Scottsdale, Arizona 85258
Telephone: (480) 367-8697
Facsimile: (480) 367-8699
E-mail: loretta@lorettajschwartz.com
SBN 006900
*Attorney for Plaintiff*

FAULKNER LAW OFFICES
Elizabeth A. Faulkner
8687 East Via de Ventura, Suite 306
Scottsdale, Arizona 85258
Telephone: (480) 951-1110
Facsimile: (480) 951-1116
E-mail: elizabeth@faulknerlaw.net
SBN 013212
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

IN AND FOR THE COUNTY OF ARIZONA

| | |
|---|---|
| FAITH CUTRONA, a single woman,<br><br>          Plaintiff,<br><br>vs.<br><br>SUN HEALTH, CORP., an Arizona corporation and NOREEN VANCA, a single woman,<br><br>          Defendants. | NO. CV06-2184-PHX-MHM<br><br>MOTION TO STRIKE PORTIONS OF DEFENDANT'S STATEMENT OF FACTS AND EXHIBITS "F", "G", "H", "I", "J", "K" AND PARAGRAPHS 7, 8, 9 AND 10 OF EXHIBIT "A" AS INADMISSIBLE EVIDENCE<br><br>(Assigned to the<br>Honorable Mary H. Murguia) |

Plaintiff Faith Cutrona moves to strike portions of Defendants' Statement of Facts in Support of Summary Judgment by Defendant Sun Health Corporation ("DSOF"), and

-1-

certain exhibits attached thereto because such portions ("Facts") are not admissible evidence as required by Federal Rules Civil Procedure ("FRCP") Rule 56(e), quoted infra.

If inadmissible or otherwise deficient materials, documents or statements are submitted in support of, or in opposition to, a motion for summary judgment, a motion to strike is appropriate. Pfingston v. Roman Engineering Co., 284 F. 3d 999, 1003 (9th Cir. 2002); FDIC v. New Hampshire Insur. Co., 953 F. 2d 478, 484 (9th Cir. 1991); Allen v. Scribner, 812 F. 2d 426, 435 (9th Cir. 1987) (footnote # 18, second sentence); United States for the Use and Benefit of Austin v. Western Electric Co., Inc., 337 F. 2d 568, 575 (9th Cir. 1964); see also Mendoza v. Sysco Food Services of Arizona, Inc., 357 F. Supp.2d 1172, 1180-1181 (D. Ariz. 2004).

"If a party fails to move to strike an affidavit that is allegedly defective under Rule 56(e), he waives any objection to it." Allen, 812 F.2d at 435, Bieghler v. Kleppe, 633 F.2d 531, 533 (9th Cir. 1980); Scharf v. United States Attorney General, 597 F.2d 1240, 1243 (9th Cir. 1979); see also 10A Wright, Miller & Kane, Federal Practice and Procedure §2738. Here, Defendant seeks to support Paragraphs 27, 28, 29, 30 and 34 of its Statement of Facts with inadmissible evidence; those unsupported facts must be stricken.

I.  **STATEMENT OF AUTHORITY:**

In summary judgment proceedings under F.R.C.P. Rule 56, Rule 56(e) states:

(e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits...

"It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." Beyene v. Coleman Sec. Serv., Inc., 854 F.2d 1179, 1181 (9th Cir. 1988) (citing Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d

1324, 1335 (9th Cir. 1980)). Statements of fact presented in support of or in opposition to summary judgment must therefore satisfy Rule 56(e) *Id.*

In contrast, inadmissible hearsay "evidence" cannot be considered in summary judgment proceedings. Riggs v. Airtran Airways, Inc., 497 F. 3d 1108, 2007 WL 2258826 (10 Cir. 8-8-07), citing Starr v. Pearle Vision, Inc., 54 F. 3d 1548, 1555 (10 Cir. 1995). Inadmissible hearsay does not become admissible in summary judgment proceedings solely because it is part of a deposition transcript with hearsay coming from the deponent. Riggs, 497 F.3d 1121.

## II. THE FOLLOWING DSOF EXHIBITS ARE INADMISSIBLE HEARSAY AND SHOULD BE STRICKEN:

1. Exhibit "F": Defendants' Exhibit "F" is inadmissible hearsay and must be stricken. It is an unsigned, unverified typewritten "letter" by an otherwise available declarant setting forth a written assertion made outside of court and used for the truth of the matter asserted. Exhibit "F" contains no foundation as to its admissibility as evidence. As such, it is classic inadmissible hearsay not found within any exceptions.

In Orr v. Bank of America, 285 F. 3d 764, 773-774 (9th Cir. 2002), the Ninth Circuit, in applying Rule 56(e) stated:

> A trial court can only consider admissible evidence in ruling on a motion for summary judgment. See Fed.R.Civ.P. 56(e); Beyene v Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181 (9th Cir.1988). Authentication is a "condition precedent to admissibility,"[FN6] and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims."[FN7] Fed.R.Evid. 901(a). We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment. See Cristobal v Siegel, 26 F.3d 1488, 1494 (9th Cir.1994); Hal Roach Studios, Inc. v Richard Feiner & Co., Inc., 896 F.2d 1542, 1550-51 (9th Cir.1989); Beyene, 854 F.2d at 1182; Canada v Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir.1987); Hamilton v Keystone Tankship Corp., 539 F.2d 684, 686 (9th Cir.1976).
>
> In a summary judgment motion, documents authenticated through personal knowledge[FN8] must be "attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."[FN9] Canada, 831 F.2d at 925 (citation omitted).

However, a proper foundation need not be established through personal knowledge but can rest on any manner permitted by Federal Rule of Evidence 901(b) or 902. *See* Fed.R.Evid. 901(b)(providing ten approaches to authentication); Fed.R.Evid. 902 (self-authenticating documents need no extrinsic foundation).

FN8. "A document can be authenticated [under Rule 901(b)(1)] by a witness who wrote it, signed it, used it, or saw others do so." 31 Wright & Gold, *Federal Practice & Procedure: Evidence* § 7106, 43 (2000).

FN9. Federal Rule of Civil Procedure 56(e) requires that affidavits be made on personal knowledge, that the affiant be competent to testify to the matters stated therein, and that sworn or certified copies of all papers referred to in an affidavit be attached thereto. *See* Fed.R.Civ.P. 56(e).

DSOF Exhibit F (and all other DSOF exhibits objected to herein, infra) was ex. 25 attached to the Cutrona deposition transcript. However, the mere fact that a document offered as evidence in summary judgment proceedings was an exhibit used in a deposition does not by itself authenticate that document or provide for its admissibility under Rule 56(e). Beyene v. Coleman Sec. Serv., Inc., 854 F. 2d 1179, 1181-1183 (9th Cir. 1988); Riggs v. Airtran Airways Inc., 497 F. 3d 1108, 1121 (10th Cir. 2007).

2. Exhibit "G": Defendants' Exhibit "G" is inadmissible hearsay not falling within any recognized exception and must be stricken. Exhibit "G" is a signed, but unverified, hand written, out of court statement, by a different declarant, used to prove the truth of the matter asserted, with no foundation as to who wrote it, let alone for its admissibility into evidence. Again, this is classic hearsay. Because Exhibit "G" is inadmissible hearsay with no exceptions, it too must be stricken and not considered by the court in ruling upon Defendants' summary judgment motion.

3. Exhibit "H": Defendants' Exhibit "H" is inadmissible hearsay with no exceptions. Exhibit "H" is similarly an unsigned and unverified out of court statement by a declarant, who is not otherwise unavailable, used for the truth of the matter asserted and totally lacking foundation. It is classic hearsay with no exceptions. In fact, it is hearsay within hearsay not protected by Federal Rule of Evidence 805. Thus, it must be stricken and not considered by the court in ruling upon the Defendants' summary judgment motion.

4. **Exhibit "I":** Defendants' Exhibit "I" is inadmissible hearsay with no exceptions and must be stricken. It, too, is an unsigned and unverified statement by a declarant who is not otherwise unavailable used to prove the truth of the matter asserted; there is no foundation, indeed its author is not even identified. It is classic hearsay with no exceptions and should not be used by the court in ruling upon Defendant's summary judgment motion. Moreover, it too contains multiple layers of hearsay not covered by Rule 805.

5. **Exhibit "J":** Defendants' Exhibit "J" is inadmissible hearsay with no exceptions and must be stricken. It is an unsigned and unverified statement containing hearsay of a declarant who is not otherwise unavailable, totally lacking in foundation. Although it is an e-mail by Defendant Vanca, it contains inadmissible hearsay statements by other declarents used for the truth of the matter asserted, primarily statements allegedly made by Dr. Bennet and Judi Dietsche. It is pure hearsay from Vanca as to what Dr. Bennett allegedly told her that Ms. Cutrona said to him. Exhibit "J" must be stricken and not considered by the court in ruling upon the Defendants' summary judgment motion.

6. **Exhibit "K":** Defendants' Exhibit "K" is inadmissible hearsay with no exceptions and must be stricken. Exhibit "K," as set forth in Plaintiff's Exhibit "1." attached hereto, is nothing more than a "summary" of alleged exit interviews from multiple <u>unidentified</u> employees/declarents. There is no stated time for even when these statements were allegedly provided, transcribed, summarized, or even the identification of the original declarant(s) and no foundation as to its authenticity, relevance or accuracy with multiple layers of hearsay. Defendants' failure to even identify any of the declarants renders it inadmissible hearsay within hearsay not covered under Federal Rule of Evidence 805 and without "any equivalent circumstantial guarantees of trustworthiness" permitted by Federal Rule of Evidence 807. As such, Exhibit "K" must be stricken and not relied upon by the court in ruling upon Defendants' motion for summary judgment.

7. Paragraphs 7, 8, 9 and 10 of Exhibit "A," Declaration of Vanca, consisted of a series of out of context statements by declarants who are not unavailable and which are used for the truth of the matter asserted. These paragraphs are classic hearsay not falling within any recognized exceptions. Therefore, Paragraphs 7, 8, 9 and 10 of Exhibit "A" are inadmissible hearsay and must also be stricken.

### III. DSOF PARAGRAPHS 27, 28, 29, 30 AND 34 MUST BE STRICKEN AS UNSUPPORTED BY COMPETENT EVIDENCE:

1. Paragraph 27: As set forth above, DSOF Paragraph 27 must be stricken and not relied upon by the court in ruling on Defendants' summary judgment motion as it relies entirely on inadmissible hearsay found in Paragraph 7 of Exhibit "A", Vanca's declaration, and Exhibit "F", an unsigned and unsworn two-paragraph typewritten statement with no foundation provided for its admissibility. Without <u>admissible</u>, competent evidence in support of DSOF Paragraph 27, it must be stricken. <u>Orr v. Bank of America</u>, *supra*.

2. Paragraph 28: DSOF Paragraph 28 is similarly unsupported by any <u>admissible</u>, competent evidence. As set forth above, the Defendants' Exhibit "A", Paragraph 8, and Exhibit "G", referenced by Defendants' in support of DSOF Paragraph 28, are inadmissible hearsay. Moreover, Defendants' Exhibit "B" and the pages cited from Ms. Cutrona's deposition do not in any way support DSOF Paragraph 28, but in fact contradicts it. All factual disputes are to be resolved in favor of the non-moving party, <u>Dominguez-Curry v. Nevada Transportation Dept.</u>, 424 F.3d 1027, 1035 (9th Cir. 2005). Ms. Cutrona states during this portion of her cited deposition that she had no idea who the alleged complainant was and that she had "no idea anything about this." See Attachment 1, Defendants' Exhibit "B," deposition transcript of Faith Cutrona, p. 350, line 8. Further, Ms. Cutrona testified on p. 349 that the alleged complaint had never been brought to her attention and that contrary to the allegations, the accusations were "kind of the policy of the department." Defendants' Exhibit "B," deposition of Faith Cutrona, p. 349, lines 22-

25, attached as Exhibit "1", deposition transcript of Faith Cutrona, pp. 350-354. Thus, because DSOF Paragraph 28 is unsupported by any <u>admissible</u> evidence, it must be stricken. <u>Orr v. Bank of America</u>, *supra.*

   3. Paragraph 29: DSOF Paragraph 29 is also unsupported by any competent admissible evidence and must be stricken. As set forth above, Defendants' Exhibit "I" is inadmissible hearsay, as is Paragraph 9 of Defendants' Exhibit "A." Further, Defendants' Exhibit "B" and the pages cited from Ms. Cutrona's deposition, do not support DSOF Paragraph 29. In fact, the cited testimony of Ms. Cutrona expressly contradicts DSOF Paragraph 29. Ms. Cutrona testified <u>only</u> that there was a communication error with the paramedics and they omitted to communicate to the charge nurse. All factual disputes are resolved favor of the non-moving party, <u>Dominguez-Curry</u>, *supra.* Defendants' Exhibit "B," deposition transcript of Faith Cutrona, p. 355, ll. 2-5, attached as Exhibit "2". Deposition transcript of Faith Cutrona, p. 355. As such, DSOF Paragraph 29 must be stricken as unsupported by any competent, admissible evidence. <u>Orr v. Bank of America</u>, *supra.*

   4. Paragraph 30: DSOF Paragraph 30 must be stricken as unsupported by any competent admissible evidence. As set forth above, Paragraph 10 to Defendants' Exhibit "A" is inadmissible hearsay with no exceptions, as is Exhibit "J", and Defendants' Exhibit "B" provides no relief. In her deposition transcript, p. 351, Ms. Cutrona denies the hearsay statement. As such, Paragraph 30 must be stricken and not considered by the court in ruling upon Defendants' summary judgment motion as it lacks competent, admissible evidence required by Fed. Rule 56. <u>Orr v. Bank of America</u>, *supra.*

   5. Paragraph 34 : DSOF Paragraph 34 must also be stricken and not considered by the court in ruling upon the motion as it, too, is unsupported by any competent admissible evidence. As set forth above, Defendants' Exhibit "K" is inadmissible hearsay without any exceptions, as is the cited portion of Vanca's deposition, attached as Defendant's Exhibit "D." It is axiomatic that inadmissible hearsay remains inadmissible

1   hearsay even when cited in a deposition transcript. <u>Riggs v. Airtran Airways, Inc.</u>, 497 F. 3d
2   1108, 1121, 2007 WL 2258826 (10 Cir., 8-8-07), citing <u>Starr v. Pearle Vision, Inc.</u>, 54 F. 3d
3   1548, 1555 (10 Cir. 1995). Vanca's deposition statements as to what Ms. Drago allegedly
4   discussed with Gary Pastore and vice-versa and/or what they allegedly told Vanca remains
5   hearsay with no exceptions. As such, because DSOF Paragraph 34 is unsupported by any
6   admissible evidence, it must be stricken and not considered by the court in ruling upon
7   Defendants' summary judgment motion. <u>Orr v. Bank of America</u>, *supra*.

RESPECTFULLY SUBMITTED this 7th day of Nov., 2007.

| FAULKNER LAW OFFICES | LAW OFFICE OF LORETTA JACOBS-SCHWARTZ |
|---|---|
| s/Elizabeth A. Faulkner<br>Elizabeth A. Faulkner<br>*Attorneys for Plaintiff* | s/Loretta Jacobs-Schwartz<br>Loretta Jacobs-Schwartz<br>*Attorney for Plaintiff* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November 2007, I electronically transmitted the attached document to the Clerk's office using the ECF Systems for filing and transmittal of a Notice of Electronic Filing and a copy was delivered via U.S. Mail to:

Leah Smith
Eric Dowell
Ogletree, Deakins, Nash Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
*Attorneys for Defendants*

A courtesy copy was provided on the same date to:

Honorable Mary Murguia
United States District Court
401 West Washington
Phoenix, Arizona 85003

By: s/Michele L. Glendenning

# EXHIBIT 1

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| FAITH CUTRONA, a single woman, and CAROL DIANE WATKINS, D.O., a single woman,<br><br>    Plaintiffs,<br><br>vs.<br><br>SUN HEALTH CORP., an Arizona corporation; NOREEN and JOHN DOE VANCA, wife and husband; WILLIAM and JANE DOE HOLCOMBE, husband and wife; and JOHN DOES 1-10 and JANE DOES 1-10,<br><br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) No. CV06-2184-PHX-MHM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**VIDEOTAPED DEPOSITION OF FAITH CUTRONA**

Phoenix, Arizona
February 8, 2007
8:36 a.m.

**(COPY)**
**PREPARED FOR:**
Loretta Jacobs-Schwartz

**REPORTED BY:**
Linda S. Christensen, RMR, CRR
Certified Reporter No. 50325

AZ LITIGATION SUPPORT   (480)481-0649

350

1   Q.   What is?
2   A.   To bring the patients back if there's a room open
3   and have them get the vitals and the chief complaint in
4   the room.
5   Q.   Okay. Do you have any evidence to believe that
6   Noreen Vanca asked this person, whoever it is, to write
7   this?
8   A.   I have no idea anything about this.
9   Q.   Okay.
10      (Exhibit No. 27 was marked.)
11  Q.   BY MR. DOWELL: Exhibit 27 is a memo prepared by
12  Vanessa Kuhr dated April 22, 2005.
13      I believe you discussed this incident
14  earlier today, correct?
15  A.   Correct.
16  Q.   All right. And I understand you may take issue
17  with what she writes in here, but do you have any evidence
18  to suggest that Ms. Kuhr doesn't believe this is what
19  happened, in her mind?
20  A.   You know, the only stuff I can say is when I
21  talked to the paramedic coordinator, what was relayed to
22  her and the discussion I had with Vanessa regarding it,
23  so -- and my viewpoint, so I can't -- I just know how I
24  interpreted the whole situation.
25  Q.   Okay.

AZ LITIGATION SUPPORT  (480)481-0649

351

1   A.   And I was the one that was there.
2   Q.   And Ms. Kuhr?
3   A.   And Ms. Kuhr.
4       (Exhibit No. 28 was marked.)
5   Q.   BY MR. DOWELL: Please take a look at Exhibit 28.
6   This is a memo from Noreen Vanca to Jennifer Drago dated
7   April 28, 2005.
8       In this memo, she relates a conversation
9   that she had with Dave Bennett. That's Dr. Bennett?
10  A.   Correct.
11  Q.   Did you make a statement in front of Dr. Bennett
12  and other nurses to the effect that there were -- that
13  Noreen Vanca had gotten rid of 21 nurses since she took
14  over?
15  A.   Never.
16  Q.   In this memo he states that you voiced a lot of
17  anger towards Noreen Vanca.
18      Did you do that at any point?
19  A.   No.
20  Q.   Did you do that in front of him?
21  A.   No.
22  Q.   Would you be surprised that he would say
23  otherwise?
24  A.   I would.
25  Q.   He also related that you had an audience of him,

AZ LITIGATION SUPPORT  (480)481-0649

352

1   the PA, and other staff nurses when she made this
2   announcement.
3   A.   I read this.
4   Q.   Do you know who he's referring to?
5   A.   I do not.
6   Q.   In it he states that you later then stated again
7   loudly and at the desk "21 nurses gone and still
8   counting."
9       Did you ever make that statement in your
10  entire employment with Sun Health?
11  A.   I have never done this at work. I have never
12  read this -- said it or had this discussion with him.
13  Q.   Okay. So anyone who comes in to this lawsuit and
14  testifies that you in fact did make that statement would
15  be lying?
16  A.   I have never made that statement at work.
17  Q.   Ma'am, are you saying, then, that anyone who said
18  they were present, including Judi Dietsche, would be
19  lying?
20  A.   Correct.
21  Q.   Okay.
22      (Exhibit No. 29 was marked.)
23  Q.   BY MR. DOWELL: Exhibit 29 is a memo dated
24  04/28/05 regarding an investigation of an incident that
25  occurred on Thursday, 04/21.

AZ LITIGATION SUPPORT  (480)481-0649

353

1       Do you see that?
2   A.   This is the same incident.
3   Q.   Okay. The same incident with Vanessa Kuhr?
4   A.   Correct.
5   Q.   All right. So it was documented twice, once by
6   Vanessa Kuhr and the person who wrote this memo, correct?
7   A.   Correct.
8   Q.   All right. Do you see toward the bottom, the
9   second paragraph prior to the bottom of page 1, it says
10  "The crew then expressed concern over an incident that
11  occurred Monday, 04/25/05"?
12      "When the crew arrived with a patient, Faith
13  approached Vanessa and asked to speak to her. Faith told
14  Vanessa that she had been" -- "that she had thought they
15  had resolved the issue on Thursday when it occurred and
16  wanted to know why she had written it up and passed it on.
17  Vanessa told Faith that she was following the orders of
18  her captain and her lead paramedic, as well as
19  Dr. Henderson."
20      Is that news to you today?
21  A.   No.
22  Q.   Do you have any reason to question that's a
23  true statement?
24  A.   No.
25  Q.   Do you have any reason to believe that what's

AZ LITIGATION SUPPORT  (480)481-0649

## Page 354

1  written in this memorandum as to the people present,
2  Rebecca Haro, Dan Davis, Vanessa Kuhr, and Jeremiah
3  Johnson was not -- and Noreen Vanca, was not a result of
4  their sincerely held beliefs that these events happened as
5  they described?
6     A.   **It's not how it happened.**
7     Q.   I understand that you think --
8     A.   **Yes, it wasn't sincere.**
9     Q.   But do you have reason to believe that they
10 didn't believe that this wasn't true?
11        Let me ask you another way.  Do you believe
12 this is completely manufactured?
13    A.   **Some of it.**
14    Q.   What?
15    A.   **Well, I think Jeremiah was playing games and**
16 **jokes, and it was an oversight the way the patient was**
17 **placed in the department, and there was a communication**
18 **error.**
19    Q.   Okay.  But something did happen on 04/21.
20    A.   **They brought a patient in.**
21    Q.   Okay.  And there was some problem, at least in
22 their eyes?
23    A.   **Well, they brought the patient in and they didn't**
24 **convert to me that the patient was there.**
25    Q.   Do you have any reason to believe that they

## Page 355

1  didn't think a problem occurred?
2     A.   **There was a communication error.**
3     Q.   Okay.  They thought you were wrong; you thought
4  they were wrong, correct?
5     A.   **They need to communicate to the charge nurse.**
6     Q.   Okay.
7         (Exhibit No. 30 was marked.)
8     Q.   BY MR. DOWELL:  Ms. Cutrona, look at Exhibit 30.
9         Who's Kelly Wandschnieder?
10    A.   **She is the manager of HR at Del Webb.**
11    Q.   Okay.  This meeting was a meeting that you
12 attended in her office, correct?
13    A.   **Correct.**
14    Q.   This states that on 04/13 a pool nurse notified
15 Jan Bland in writing of Faith showing partialness to
16 nurses she was to assign easier patients.
17        That's the exhibit we just covered, correct?
18    A.   **Correct.**
19    Q.   She felt this was unfair.  On 04/02 a flex
20 nurse -- that's Crystal Gatliff, right?
21    A.   **Correct.**
22    Q.   -- wrote two pages describing how Faith was rude
23 and defensive in dealing with her, correct?
24    A.   **Correct.**
25    Q.   You denied the accusations, but then you

## Page 356

1  received -- or she received a goldenrod from you regarding
2  the same incident, correct?
3     A.   **Correct.**
4     Q.   Then "On 04/28 an ED physician described Faith at
5  the desk and other staff members loudly stating '22 nurses
6  have left since our new director started.'"
7         Was that discussed with you on 05/05/05?
8     A.   **I see it here on this, yeah.**
9     Q.   But your testimony is that that is a complete
10 fabrication by Dr. Bennett?
11    A.   **I didn't say any such a thing.**
12    Q.   Well, when we covered that last exhibit, I asked
13 you if that ever happened and you said no.
14    A.   **I didn't say anything like that, no.**
15    Q.   Okay.  So let me make sure I'm clear.
16        You didn't make any statement like what he
17 described in that memo?
18    A.   **Correct.**
19    Q.   Okay.  So are you saying, then, that he made it
20 up?
21        MS. FAULKNER:  Asked and answered.
22    A.   **I'm saying I didn't say it.**
23    Q.   BY MR. DOWELL:  Okay.  "He further states that
24 Faith later in the shift, while in charge and at the desk,
25 again stated, 'Yup, 22 and counting.'"

## Page 357

1         Do you see that?
2     A.   **I didn't say that.**
3     Q.   Okay.  You didn't say that, either.
4         If you did say that -- let's assume that you
5  did.  Would that be appropriate behavior of a charge
6  nurse?
7     A.   **I didn't say any such a thing.**
8     Q.   I understand that, but I'm asking you if you did
9  say that, if you had said that, would that have been
10 appropriate for you to say?
11    A.   **I act professional at work.  I don't talk like**
12 **that.**
13    Q.   Ma'am, I understand that, but do you understand
14 my question?
15    A.   **Well, I wouldn't -- I don't talk unprofessional**
16 **at work, so that's a silly question to ask me.**
17        MS. FAULKNER:  He's asking you to assume
18 something that didn't happen.  Just play along with him so
19 we can finish up.
20    A.   **No.**
21    Q.   BY MR. DOWELL:  All right.  Do you understand
22 that if another charge nurse -- if you heard, for example,
23 Deb Liable say that at the nurses' station, "21 nurses and
24 counting," would that be something that you think is
25 appropriate for her to say?

AZ LITIGATION SUPPORT  (480)481-0649
Page 354 to 357 of 455
90 of 157 sheets

```
 1
 2
 3  STATE OF ARIZONA    )
                        )  ss.
 4  COUNTY OF MARICOPA  )
 5              I, LINDA S. CHRISTENSEN, Certified Reporter,
 6  Certificate No. 50325, in the State of Arizona, do hereby
 7  certify that the foregoing witness was duly sworn to tell
 8  the whole truth; that the foregoing pages constitute a
 9  full, true, and accurate transcript of all proceedings had
10  in the foregoing matter, all done to the best of my skill
11  and ability.  Pursuant to request, notification was
12  provided that the deposition is available for review and
13  signature.
14
15              I FURTHER CERTIFY that I am not related to
16  nor employed by any of the parties hereto, and have no
17  interest in the outcome.
18
19              WITNESS my hand this  22nd  day of
20  February       , 2007.
21
22                          _____
23                          Linda S. Christensen
24                          Arizona Certified Reporter No. 50325
25
```