**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Faith Cutrona, a married woman ) | No. CV 06-02184-PHX-MHM |
| ) Plaintiff, ) | **ORDER** |
| ) v. ) | |
| ) Sun Health Corp., an Arizona corporation;) Noreen and John Doe Vanca, wife and) husband; William and Jane Doe Holcomb,) husband and wife; and John Does 1-10 and) Jane Does 1-10, ) ) Defendants. ) ) | |

Currently before the Court is Defendants Sun Health Corporation, Noreen and John Doe Vanca, and William and Jane Doe Holcomb's Rule 19 Motion to join Plaintiff's spouse, Jon Cutrona, as a party plaintiff (Dkt. #73). After reviewing the pleadings, the Court issues the following Order.

I

On August 17, 2006, Plaintiff Faith Cutrona ("Plaintiff") filed a complaint against Defendants Sun Health Corporation, Noreen and John Doe Vanca, and William and Jane Doe Holcomb ("Defendants"). Plaintiff asserts multiple claims including race and gender discrimination under the Arizona Civil Rights Act, § 41-1481 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq.

Defendants move to join Plaintiff's spouse, Jon Cutrona, as a party plaintiff on the basis that he is an indispensable party under Rule 19 of the Federal Rules of Civil

1  Procedure. In the event that Plaintiff does not prevail in her lawsuit, Defendants assert
2  that they may be entitled to recover some or all of their attorneys' fees and costs under 42
3  U.S.C. § 2000(e) and 28 U.S.C. § 1927. However, because Plaintiff's spouse is not
4  currently a party to this litigation, Defendants also assert that Plaintiff's community
5  property is shielded against any such award. Defendants argue that Plaintiff should not
6  be allowed to seek a legal award that would benefit her marital community, while
7  simultaneously insulating her marital community from a possible award of Defendants'
8  attorneys' fees and costs.

## II

10  Federal Rule of Civil Procedure 19 governs the question of whether a person not a
11  party to a suit should be joined because he is necessary for a more complete settlement of
12  the dispute. Rule 19(a) sets forth the factors that a court must consider in determining
13  whether a party's joinder is necessary. Rule 19(a) provides in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties . . . . If that person has not been so joined, the court shall order that the person be made a party.

17  Fed.R.Civ.P. 19(a).
18  Specifically, Rule 19(a) requires joinder of additional parties if "in [a] person's absence
19  complete relief cannot be accorded among those already parties." Fed.R.Civ.P. 19(a).
20  A.R.S. § 25-215(D) provides that "either spouse may contract debts and otherwise
21  act for the benefit of the community," and "[i]n an action on such a debt or obligation the
22  spouses shall be sued jointly and the debt or obligation shall be satisfied: first, from the
23  community property, and second, from the separate property of the spouse contracting the
24  debt or obligation." Further, if a party "wants to hold a martial community accountable
25  for an obligation, both spouses must be sued jointly." <u>Henson v. Air Natl. Guard Air</u>
26  <u>Force Reserve Command Test Center</u>, 2007 Westlaw 2903993 at *5 (D.Ariz 2007); <u>see</u>

1  Spudnuts, Inc. v. Lane, 139 Ariz. 35, 36 (Ct. App. 1984) ("A judgment against one
2  spouse does not bind the community.").

3  In Weimer v. Maricopa County Community College Dist., the district court held
4  that a plaintiff's spouse is properly joined as a necessary party under Rule 19 for the
5  purpose of allowing the defendant to seek recovery of attorneys' fees and costs against
6  the marital community. 184 F.R.D. 309, 310 (D.Ariz. 1998). Further, the district court
7  held that "the preferable method of protecting [the plaintiff's spouse's] interests is to join
8  her as a party plaintiff." Id.

9  Here, Defendants seek to join Plaintiff's spouse under Rule 19 because they assert
10 that they may be entitled to recover some or all of their attorneys' fees and costs against
11 the martial property under 42 U.S.C. § 2000(e) and 28 U.S.C. § 1927. As stated above,
12 under Arizona law, in order to recover attorneys' fees and costs against the martial
13 property, Defendants must sue both Plaintiff and her spouse jointly. And, as discussed by
14 the district court in Weimer, in order to protect the spouse's interests, a district court
15 should allow the spouse to be joined as a party plaintiff under Rule 19(a).

16 Accordingly, in order to protect Plaintiff's spouse's interest, and because in his
17 absence, complete relief cannot be afforded to those already parties, the Court finds that
18 Plaintiff's spouse is a necessary party under Rule 19(a).

19                                     III

20 Plaintiff argues that the Court should deny the instant motion because a district
21 court has the discretion to deny joinder when it is made for the "litigant's own defensive
22 purpose rather than to protect the interests of the absent party." Fireman's Fund Ins. Co.
23 v. National Bank of Cooperatives, 103 F.3d 888, 896 (9th Cir. 1996). However, in the
24 present case, Plaintiff's spouse actually does have a legal interest in the outcome of this
25 suit. Under Arizona law, lost earnings are community property. A.R.S. § 25-211; Shaw
26 v. Greer, 67 Ariz. 223 (Ariz. 1948). Thus, as Plaintiff's spouse, Jon Cutrona's interests
27 may be improperly impaired if he is not joined as a party plaintiff.

28 Plaintiff also argues that undue delay in filing can be grounds for denying the

1  instant motion.  Gil Enterprises, Inc. v. DeIvy, 79 F.3d 241 (2d Cir. 1996); Northeast
2  Drilling Inc. v. Inner Space Services, 243 F.3d 25 (1st Cir. 2001).
3       In Gil Enterprises, the Second Circuit denied joinder under Rule 19 because the
4  moving party waited until the close of trial to seek joinder of an indispensable party.  79
5  F.3d at 247.  And in Northeast Drilling, the First Circuit denied joinder under Rule 19
6  because the moving party waited until well after the passage of the deadline to join
7  additional parties as specified in the pretrial scheduling order; did not ask the court for
8  leave to modify the scheduling order in its Rule 19(a) motion; and did not articulate any
9  "good cause" to excuse the belated filing.  243 F.3d at 37.
10      Unlike Gil, Defendants filed the instant Rule 19 motion well before trial.  Also,
11 unlike Northeast Drilling, Defendants set forth the following "good cause" as to the delay
12 in filing their instant motion: (1) Defendants state that Plaintiff caused delay because she
13 allegedly misrepresented herself as a "single woman" in several of her filings; and (2)
14 Defendants also state that when Plaintiff testified about her husband during a deposition,
15 Defendants promptly wrote Plaintiff requesting that she stipulate to add her spouse as a
16 party plaintiff, but Plaintiff did not respond to Defendants' request.  Plaintiff does not
17 contest these facts, and thus, the Court finds that Defendants have set forth good cause as
18 to their delay in filing the instant Rule 19 Motion to join Plaintiff's spouse as a party
19 plaintiff.
20      **Accordingly**,
21      **IT IS HEREBY ORDERED** granting Defendants' Motion to join Plaintiff's
22 spouse, Jon Cutrona, as a party plaintiff.
23      DATED this 16th day of November, 2007.
24
25
26
27      _____
28      Mary H. Murgula
     United States District Judge